IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MANDY MALLA )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>YMCA OF PITTSBURG, KANSAS, )<br>)<br>Defendant. ) | Case No: 11-cv-02346 CM/JPO |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW defendant, YMCA of Pittsburg, Kansas, by and through its legal counsel, and submits the following Answer to Plaintiff's First Amended Complaint:

1. Paragraph 1 of Plaintiff's First Amended Complaint contains legal conclusions that do not require a response from YMCA. To the extent a response is required, YMCA admits Plaintiff purports to bring this action pursuant to 42 USC § 2000e, and asserts federal question jurisdiction under 28 USC § 1331. Further answering, YMCA denies it has violated 42 USC § 2000e, and therefore, this Court's assertion of jurisdiction is not warranted. Further answering, upon information and belief, YMCA denies the remaining allegations contained in paragraph 1 of Plaintiff's First Amended Complaint not specifically admitted herein.

2. Upon information and belief, YMCA admits Mandy Malla ("Malla") is a resident and citizen of the state of Kansas.

3. Based on its understanding of the allegation in Paragraph 3, YMCA denies that it is an affiliate of the National Council of the YMCAs of the USA.

4. YMCA admits it hired Malla on or about June 4, 2010, as a maintenance employee. YMCA further admits Malla's co-workers in the maintenance area were Richard

Nichols ("Nichols") and Gary Holloway ("Holloway"). Further answering, YMCA admits Holloway was planning to retire shortly after Malla's hiring. YMCA denies any remaining allegations contained in paragraph 4 not specifically admitted herein.

5. YMCA admits Malla previously worked for the YMCA in Pittsburg, Kansas in approximately 2006. YMCA is without specific information to admit or deny the remaining allegations contained in paragraph 5 of Plaintiff's First Amended Complaint, and therefore, denies the same.

6. YMCA denies the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

7. YMCA admits it employed Gloria Henrie ("Henrie"), during both periods of Malla's employment. YMCA denies the remaining allegations contained in paragraph 7 of Plaintiff's First Amended Complaint.

8. YMCA admits Henrie informed Malla on or about July 14, 2010, that YMCA was terminating her employment. YMCA further admits YMCA hired Allyn Carter to replace Malla. YMCA denies the remaining allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9. Paragraph 9 of Plaintiff's First Amended Complaint contains legal conclusions that do not require a response from YMCA. To the extent a response is required, YMCA denies the remaining allegations contained in paragraph 9 of Plaintiff's First Amended Complaint.

10. Paragraph 10 of Plaintiff's First Amended Complaint contains legal conclusions that do not require a response from YMCA. To the extent a response is required, YMCA denies the remaining allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.

11.     Paragraph 11 of Plaintiff's First Amended Complaint contains legal conclusions that do not require a response from YMCA. To the extent a response is required, YMCA denies the remaining allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

## ANSWER TO ALL ALLEGATIONS

YMCA denies each and every allegation not specifically admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

2.     Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust required administrative remedies and/or to the extent Plaintiff's claims exceed the claims raised in any charge of discrimination.

3.     Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and unclean hands.

4.     YMCA is an equal opportunity employer that does not discriminate against employees on any prohibited basis.

5.     Any actions taken by YMCA with respect to Plaintiff were nondiscriminatory and based on legitimate reasons and carried out in the good faith exercise of YMCA's reasonable business judgment.

6.     Plaintiff cannot establish the essential elements of a claim of discrimination and/or retaliation for participating in a protected activity, in that she cannot establish a causal connection between any protected activity and any adverse employment action she claims to have suffered.

7.     Plaintiff cannot show her sex was a motivating factor in the decision to terminate

her employment.

8. YMCA is not liable for any alleged discrimination because, among other things, YMCA has measures in place to prevent and/or correct discrimination, including, among other things, a policy prohibiting sex discrimination, a multi-avenue complaint procedure, and Plaintiff failed to avail herself of such measures.

9. Plaintiff's injuries or damages, the existence of which is specifically denied, were not proximately caused by the acts of Defendants.

10. YMCA would have made the same employment decisions with respect to Plaintiff absent any alleged unlawful or impermissible considerations, the existence of such unlawful or impermissible considerations YMCA specifically denies.

11. Upon information and belief, and in good faith, Defendant alleges Plaintiff has failed to mitigate her claim for damages as, among other things, Plaintiff has failed to use reasonable efforts to obtain comparable employment.

12. To the extent Plaintiff recovers any damages based on her claims, the existence of which Defendant specifically denies, Defendant is entitled to a set off or credit for amounts Plaintiff earned or received, or could have earned or received through reasonable efforts on her part.

13. After conducting discovery, Defendant may have an after acquired evidence defense, and therefore, preserves such affirmative defense in this pleading.

14. Plaintiff is not entitled to recover punitive damages, the existence of which Defendant specifically denies, as Plaintiff has not set forth and cannot set forth sufficient facts that support a claim for punitive damages.

15. Plaintiff's claim for punitive damages is barred by the due process clauses of the

Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff's claims for punitive damages are also barred by the excessive fines clause of the Eighth Amendment of the United States Constitution, made applicable to the states and territories by the Fourteenth Amendment.

16.     Plaintiff is not entitled to punitive damages because to the extent Plaintiff suffered any discriminatory actions, which is specifically denied, such actions were contrary to YMCA's good faith efforts to comply with applicable law.

17.     Defendant currently is without sufficient knowledge and information to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserve the right to assert additional defenses, including affirmative defenses, if appropriate.

WHEREFORE, having fully responded to Plaintiff's First Amended Complaint and each of its counts, Defendant prays judgment in its favor and against Plaintiff, and for its costs incurred in connection with the defense of this litigation, including reasonable attorneys' fees.

                         Respectfully submitted,

/s/ Kimberly A. Jones  
Kimberly A. Jones                KS Bar 16684  
Husch Blackwell Sanders LLP  
4801 Main Street, Suite 1000  
Post Office Box 219777  
Kansas City, Missouri 64121-6777  
PHONE: (816) 983-8000  
FAX: (816) 983-8080

## CERTIFICATE OF SERVICE

This is to certify that on the 10th day of November, 2011, the above and foregoing was served via ECF notification and by U.S. Mail, postage pre-paid, upon:

Michael M. Shultz
James M. Kaup
Kaup & Shultz, LC
901 Kentucky, Suite 305
Lawrence, Kansas 66044
Phone: 785-838-4300
Fax: 785-838-4302
shultz@kaupandshultz.com
kaup@kaupandshultz.com

**Attorneys for Plaintiffs**

/s/ Kimberly A. Jones
Attorney for Defendant